IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHARON KIRKSEY, | § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Action No. H-12-2859 |
| AMERICA'S SERVICING COMPANY *and* WELLS FARGO BANK, N.A., | § § § § | |
| Defendants. | § § | |

ORDER

Pending before the Court is Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(6) and Motion for Summary Judgment Pursuant to FRCP 56 (Document No. 12). Having considered the motion, submissions, and applicable law, the Court determines that Defendants' motion for summary judgment should be granted.

I. BACKGROUND

This case arises from a foreclosure proceeding initiated by Defendants America's Servicing Company and Wells Fargo Bank, N.A. (collectively, "Defendants" or "Wells Fargo")[1] on property owned by Plaintiff Sharon Kirksey

---

[1] According to Defendants' motion, America's Servicing Company and Wells Fargo Bank, N.A. are "one and the same entity." *Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(6) and Motion for Summary Judgment Pursuant to FRCP 56*, Document No. 12 at 1. America's Servicing Company is the assumed name of Wells Fargo Bank, N.A.'s mortgage servicing division. *Id.*

("Kirksey") and her husband. When Kirksey and her husband bought their house, located at 18030 Rolling Creek Drive, Houston, Texas 77090 (the "Property"), they executed a Promissory Note (the "Note") payable to Mortgage Lenders Network USA, Inc. d/b/a Lenders Network ("Lenders Network") in the amount of $144,000.00 and secured by a deed of trust (the "Deed of Trust").[2] At some point, Kirksey became delinquent on the mortgage payments.

According to Defendants' submissions, the Note and Deed of Trust are currently held by U.S. Bank National Association, as Trustee for RASC 2006-EMX8, who appointed Wells Fargo Bank, N.A. as its mortgage servicer for certain debts, including Kirksey's.[3] On March 26, 2012, Wells Fargo, through its counsel, informed Kirksey that she was in default on her loan and that foreclosure would follow on the Property if she did not cure the default.[4] On August 7, 2012, pursuant to a Notice of Acceleration and Notice of Trustee's Sale, Wells Fargo notified Kirksey that a non-

---

[2] *Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(6) and Motion for Summary Judgment Pursuant to FRCP 56*, Document No. 12, Exhibit A at 4 (*Adjustable Rate Note*); *Id.*, Exhibit B at 15 (*Deed of Trust*).

[3] *Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(6) and Motion for Summary Judgment Pursuant to FRCP 56*, Document No. 12, Exhibit C (*Assignment of Note and Deed of Trust*); *Id.*, Exhibit D (*Limited Power of Attorney*).

[4] *Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(6) and Motion for Summary Judgment Pursuant to FRCP 56*, Document No. 12, Exhibit E (*Fair Debt Collection Practices Act Notification*).

judicial foreclosure sale had been scheduled for the Property on September 4, 2012.[5] Shortly thereafter, on August 31, 2012, Kirksey filed suit against Defendants in the 125th Judicial District of Harris County, Texas, alleging that Defendants violated the Texas Property Code, Texas Business and Commerce Code, and Texas Finance Code by failing to properly record all transfers of the lien and by not showing Kirksey the original Note. Kirksey's petition also requested a declaratory judgment and temporary restraining order preventing Defendants from foreclosing on the Property. On September 24, 2012, Defendants removed the action to this Court under 28 U.S.C. § 1446 based on diversity jurisdiction.

On May 31, 2013, Defendants filed the pending motion. Kirksey did not file a response to Wells Fargo's motion. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. TEX. LOCAL R. 7.4. Moreover, Kirksey has failed to actively pursue her claims since the action was removed to this Court. Significantly, Kirksey failed to respond to Wells Fargo's requests for admissions, causing the requests to be automatically admitted. Additionally, Kirksey has not requested that the Court withdraw her deemed admissions. For the reasons provided below, the Court finds summary judgment is warranted.

---

[5] *Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(6) and Motion for Summary Judgment Pursuant to FRCP 56*, Document No. 12, Exhibit F (*Notice of Acceleration and Notice of Trustee's Sale*).

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). The court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine issue for trial. *See* FED. R. CIV. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Moreover, conclusory allegations unsupported by specific facts will not prevent an award of summary judgment; the plaintiff cannot rest on his allegations to get to a jury without any

significant probative evidence tending to support the complaint. *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 713 (5th Cir. 1994). If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by conclusory allegations, unsubstantiated assertions, or "only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Furthermore, it is not the function of the court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000) (quoting *Rushing v. Kansas City S. R.R. Co.*, 185 F.3d 496, 505 (5th Cir. 1999)).

### III. LAW & ANALYSIS

All of the claims in Kirksey's pleadings are premised on her contention that Wells Fargo is not the holder of the Note. Defendants filed a Motion to Dismiss Pursuant to FRCP 12(b)(6) and a Motion for Summary Judgment Pursuant to FRCP

5

56, asserting *inter alia* that Kirksey's claims should be dismissed because Wells Fargo has the authority to foreclose on the Property on behalf of the holder of the Note. The Court determines that summary judgment is proper based on Wells Fargo's evidence in support of their motion for summary judgment, Kirksey's deemed admissions, and Kirksey's failure to provide any evidence in support of her allegations. Because Kirksey has no substantive claims left, the Court denies Kirksey's request for declaratory and injunctive relief, and the Court awards attorneys' fees to Wells Fargo.

A.  *Whether a Genuine Dispute of Material Fact Exists that Wells Fargo Has the Authority to Foreclose on Kirksey's Property*

All of Kirksey's claims are premised on her contention that Wells Fargo has not proven that it is the holder of the Note. Wells Fargo, as part of its summary judgment evidence, produced several documents to demonstrate that it has the authority to foreclose on Kirksey's property, including: 1) copies of the original Note and Deed of Trust, showing that the original lender was Lenders Network;[6] 2) the Assignment of Note and Deed of Trust, conveying the documents from Lenders

---

[6] *Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(6) and Motion for Summary Judgment Pursuant to FRCP 56*, Document No. 12, Exhibit A (*Adjustable Rate Note*); *Id.*, Exhibit B (*Deed of Trust*).

Network to U.S. Bank National Association, as Trustee;[7] and 3) the Limited Power of Attorney, giving Wells Fargo the ability to foreclose on certain properties, including Kirksey's, on behalf of U.S. Bank National Association, as Trustee, as its mortgage servicer.[8] As noted above, Kirksey has not responded to Defendants' motion and thus has not provided any evidence to refute Wells Fargo's claim. Additionally, Kirksey attempts to cast doubt on the validity of the assignment agreement in her original pleadings;[9] however, she is not a party to the agreement and cannot question the validity of the agreement. *Barcenas v. Fed. Home Loan Mortg. Corp.*, No. H-12-2466, 2013 WL 286250, at *6 (S.D. Tex. Jan. 24, 2013) (Harmon, J.). Because the evidence is undisputed, the Court finds that Wells Fargo is the mortgage servicer for U.S. Bank National Association, as Trustee, and has the authority to foreclose on Kirksey's property.

Furthermore, because Kirksey failed to respond to Wells Fargo's requests for admissions, all of the requests are deemed admitted. *See* FED. R. CIV. P. 36. Federal Rule of Civil Procedure 36 governs a party's request for admissions. Rule 36 states

---

[7] *Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(6) and Motion for Summary Judgment Pursuant to FRCP 56*, Document No. 12, Exhibit C (*Assignment of Note and Deed of Trust*).

[8] *Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(6) and Motion for Summary Judgment Pursuant to FRCP 56*, Document No. 12, Exhibit D (*Limited Power of Attorney*).

[9] *Defendants' Notice of Removal*, Document No. 1, Exhibit C at 9, ¶ 14 (*Plaintiff's Petition and Application for Temporary Restraining Order and Temporary Injunction*).

7

that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." FED. R. CIV. P. 36(a)(3). Any matters admitted are "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." FED. R. CIV. P. 36(b). Kirksey has not requested that the admissions be withdrawn or amended. Rule 56 of the Federal Rules of Civil Procedure, which governs summary judgment, "specifies that 'admissions on file' can be an appropriate basis for summary judgment." *In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001) (quoting FED. R. CIV. P. 56(c)). In other words, requests for admission that are deemed admitted because of a party's failure to respond may form the basis of a summary judgment on the merits. *Id.* at 419–21 & n.6.

Here, Kirksey's deemed admissions again conclusively demonstrate that there is no genuine dispute of any material fact. Kirksey admitted that U.S. Bank National Association, as Trustee for RASC 2006-EMX8 is the holder and owner of the Note and that Wells Fargo is the mortgage servicer.[10] Kirksey also admitted that Wells

---

[10] *Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(6) and Motion for Summary Judgment Pursuant to FRCP 56*, Document No. 12, Exhibit I at 3, 8–9, ¶¶ 5, 31, 40 (*Defendant's First Set of Interrogatories, Requests for Production, and Requests for Admission to Plaintiff*) [hereinafter *Defendant's Requests for Admission*].

Fargo performed all contractual obligations and conditions precedent to foreclosure under the Note and Deed of Trust and that Wells Fargo complied with all notices required under the Texas Property Code prior to foreclosure.[11]  Finally, Kirksey admitted that Wells Fargo did not wrongfully foreclose on the Property.[12]

Therefore, because Kirksey has failed to introduce evidence to create a genuine dispute of material fact and instead has actually eliminated any potential dispute by admitting all facts, Defendants' request for summary judgment is hereby granted.

*B.    Whether Declaratory Judgment Is Warranted*

Kirksey seeks a declaratory judgment against Wells Fargo to prevent it from foreclosing on the Property until it has produced the original Note for Kirksey's inspection. However, "[b]ecause [Kirksey's] substantive claims fail, the request for declaratory relief must also be dismissed." *Newell v. U.S. Bank Trust Nat'l Ass'n*, No. H-13-865, 2013 WL 2422660, at *3 (S.D. Tex. June 3, 2013) (Rosenthal, J.).

*C.    Whether Injunctive Relief Is Warranted*

Kirksey also seeks injunctive relief. Wells Fargo claims that Kirksey's request for injunctive relief fails as a matter of law. The Court agrees.

---

[11] *Defendant's Requests for Admission, supra* note 10, at 3–5, 7, ¶¶ 6–7, 12–13, 26–27.

[12] *Defendant's Requests for Admission, supra* note 10, at 8, ¶ 36.

Injunctive relief is an equitable remedy, not a cause of action, and should be dismissed when no substantive legal claims are pled. *Barcenas*, 2013 WL 286250, at *9 (citations omitted). Because the Court has dismissed all of Kirksey's underlying claims, the request for injunctive relief is hereby denied.

D.   *Whether Awarding Attorneys' Fees and Costs to Wells Fargo Is Proper*

   1.   *Standard for Determining When Attorneys' Fees Are Proper*

Wells Fargo requests reimbursement of the attorneys' fees it incurred in defending this action. Texas law is applicable to the award of attorneys' fees in this diversity case. *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Under Texas law, attorneys' fees may only be awarded if the right to attorneys' fees is established by statute or contract. *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex. 1992); *Amlin Corporate Member, Ltd. v. Logistics Grp. Int'l, Inc.*, No. H-09-2695, 2011 WL 3271335, at *3 (S.D. Tex. July 28, 2011) (Rosenthal, J.). In its motion, Wells Fargo argues that the Deed of Trust creates a right to attorneys' fees. Specifically, Wells Fargo cites Section 9 of the Deed of Trust, which Wells Fargo contends "allows the lender to recover its reasonable attorneys' fees and costs incurred in defending this lawsuit."[13]

---

[13] *Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(6) and Motion for Summary Judgment Pursuant to FRCP 56*, Document No. 12 at 16.

The Court notes that Section 9 of the Deed of Trust states:

> [if] there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this [Deed of Trust] (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this [Deed of Trust] or to enforce laws or regulations) . . . , then Lender may do and pay whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this [Deed of Trust] . . . . Lender's actions can include . . . paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this [Deed of Trust] . . . .
> Any amounts disbursed by Lender under this [section] shall become additional debt of Borrower secured by this [Deed of Trust].[14]

In addition, the Court finds that the Note itself includes language supporting the award of attorneys' fees:

> If the Note Holder has required [Borrower] to pay immediately in full as described above, the Note Holder will have the right to be paid back by [Borrower] for all of its costs and expenses in enforcing this Note to the extent not prohibited by law. Those expenses include, for example, reasonable attorneys' fees.[15]

The Court finds that the combination of this language creates a right to attorneys' fees via contract.[16]

---

[14] *Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(6) and Motion for Summary Judgment Pursuant to FRCP 56*, Document No. 12, Exhibit B at 7–8, § 9.

[15] *Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(6) and Motion for Summary Judgment Pursuant to FRCP 56*, Document No. 12, Exhibit A at 3, § 7(E) (*Adjustable Rate Note*).

[16] This Court has found similar language creates a right to attorneys' fees in other wrongful foreclosure cases. *Gossett v. Fed. Home Loan Mortg. Corp.*, Civ. Action No. H-11-508, 2013 WL 321664, at *9 (S.D. Tex. Jan. 24, 2013) (Harmon, J.); *Cardenas v. Wells*

### 2. *Calculation of Attorneys' Fees*

The Court will employ the Lodestar method to calculate attorneys' fees, pursuant to Texas and Fifth Circuit law. *See Forbush v. J.C. Penney Co.*, 98 F.3d 817, 821 (5th Cir. 1996); *Junaid v. McHugh*, No. 2:11-CV-00226, 2013 WL 321571, at *1 (S.D. Tex. Jan. 28, 2013) (Ramos, J.); *see also Forte v. Wal-Mart Stores, Inc.*, No. 07-cv-155, 2012 WL 2883690, at *1 (S.D. Tex. July 13, 2012) (Head, J.). Under the Lodestar method, the district court multiples the reasonable number of hours expended on the litigation by the reasonable hourly billable rate. *Forbush*, 98 F.3d at 821.

Wells Fargo has submitted the affidavit of George A. Kurisky, Jr. in support of its motion for attorneys' fees. Kurisky is the attorney of record for Wells Fargo and is a shareholder of the firm Johnson DeLuca Kurisky & Gould, P.C. ("JDKG"). In his affidavit, Kurisky asserts that his hourly rate is $400.00 and that the associate attorney assigned to this case has an hourly rate of $275.00. Additionally, Kurisky attached the billing records for this case to his affidavit. The billing records include several entries with an hourly rate of $110.00, which the Court construes to be the hourly rate of the firm's paralegals.

---

*Fargo Bank, N.A.*, Civil Action No. H-11-02916 (S.D. Tex. Oct. 31, 2012) (Hanks, Mag.) (*Memorandum and Order*, Document No. 18 at 11–15).

Based on its experience and knowledge of other reasonable rates charged by attorneys in similar cases, the Court finds that $400.00 is a reasonable hourly rate for a partner-level attorney with Kurisky's experience, $275.00 is a reasonable hourly rate for associate-level attorneys, and $110.00 is a reasonable hourly rate for paralegals. The Court will, therefore, apply these rates to determine the appropriate amount of attorneys' fees recoverable.

After reviewing the billing records, the Court calculates that 26.5 hours were expended and billed to Wells Fargo for representation in this case.[17] Without any objection or response from Kirksey, the Court finds 26.5 hours to be a reasonable amount of time expended on this case. Counsel removed this case from state court and drafted and filed a motion to dismiss and a motion for summary judgment. Having found that this amount of time is reasonable, the Court may now calculate the Lodestar amount of recoverable attorneys' fees.

---

[17] The Court calculated these hours by adding the amounts of time indicated under the "Hours Worked" column from the section of the billing records entitled "Billed Time." *Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(6) and Motion for Summary Judgment Pursuant to FRCP 56*, Document No. 12, Exhibit L at 3 (*Affidavit for Attorneys' Fees and Costs*) [hereinafter *Affidavit for Attorneys' Fees and Costs*]. The Court notes that JDKG's billing records indicate that **more** time was included on the bills to Wells Fargo than was actually worked. *Affidavit for Attorneys' Fees and Costs* at 3 (compare "Hours on Bill" amount of 32.6 hours with "Hours Worked" amount of 26.5 hours). The reasoning behind this discrepancy is not clear. The Court determines that only the hours actually worked are properly included in the Lodestar calculation.

Of the 26.5 hours indicated as expended and billed time in this case, 6.6 hours were billed at a paralegal rate of $110.00/hour and 19.9 hours were billed at an associate rate of $275.00/hour. This amounts to $6,198.50. The calculation is set forth below:

|  | Rate | Hours | Lodestar Total |
|---|---|---|---|
| Paralegal | $110 | 6.6 | $726.00 |
| Associate | $275 | 19.9 | $5,472.50 |
|  |  | **Total:** | **$6,198.50** |

Having applied the Lodestar calculation using billing records of JDKG submitted by Wells Fargo, the Court finds that this is the appropriate amount of attorneys' fees to be awarded to Wells Fargo.

3. *Award of Costs*

In addition, Wells Fargo seeks reimbursement of its costs. The Court instructs Wells Fargo to file a Bill of Costs pursuant to Federal Rule of Civil Procedure 54(d)(1) to recover all taxable costs.

### IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(6) and Motion for Summary Judgment Pursuant to FRCP 56 (Document No. 12) is **GRANTED**. The Court further

**ORDERS** that Defendant Wells Fargo Bank, N.A. be awarded attorneys' fees in the amount of $6,198.50.  The Court further

**ORDERS** that Defendant Wells Fargo Bank, N.A. shall have leave to file a Bill of Costs pursuant to Federal Rule of Civil Procedure 54(d)(1).

The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, on this __2__ day of August, 2013.

_____
DAVID HITTNER
United States District Judge